# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JEFFREY THOMAS LAWSON,** | ) | Civil Action No. 7:19-cv-00044 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **PSYCHIATRIST MR. ARIKIAN,** | ) | By: Norman K. Moon |
| Respondent. | ) | Senior United States District Judge |

Jeffrey Thomas Lawson, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In it, he names a single defendant, Dr. Arikian, a psychiatrist who Lawson saw while Lawson was housed at the Southwest Regional Jail in Duffield, Virginia ("the Duffield Jail").

Pending before the court is defendant's motion to dismiss (Dkt. No. 14), to which plaintiff has responded (Dkt. No. 19). For the reasons set forth below, I will grant defendant's motion to dismiss, but the dismissal will be without prejudice. If Lawson wants to amend his complaint, he shall have twenty-one days to file an amended complaint.

## I. BACKGROUND

Lawson's complaint is fairly brief. First, he appears to be complaining that there was a delay in his being able to receive any medical treatment for his mental health problems, which he identifies as "P.T.S.D. [post-traumatic stress disorder], mood disorders, anxiety disorder, and depression disorder." (Compl. at 4.) He alleges that he arrived at the Duffield Jail on September 11, 2018, and he submitted his first request to see a mental health professional so he could get his medications on October 4, 2018. Over the next few months, he kept making inquiries with the medical department, but was told he was on the waiting list and that it could take eight weeks. He did not see Dr. Arikian until January 11, 2019, more than three months after he had requested

an appointment to obtain medications. He does not allege, however, that Dr. Arikian was in any way responsible for that delay, nor does he name any other defendant who he believes is responsible for the delay.

His allegation as to Dr. Arikian is that, at the January 11, 2019 appointment, Dr. Arikian "refused to give[] me any meds after being on them since 2001." He states that Dr. Arikian was "judging" him by his "charges" and past convictions in refusing to give him his medications. He also states that Dr. Arikian told him he would not give Lawson medications at that time because he did not have his past medical records from 2015 to 2019 and only had illegible records from 2005 to 2014. Lawson notes that he had signed releases for records and that it is not his fault that the records were not received. He states that he needs his medications and believes Dr. Arikian improperly refused to prescribe them.

## II. ANALYSIS

**A. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

**B. Eighth Amendment**

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

Dr. Arikian contends that the complaint fails to state a claim for which relief can be granted. As the complaint currently stands, I agree. Although Dr. Arikian points out that plaintiff does not state any symptoms of his disorder and contends that Lawson does not sufficiently allege a serious medical need, I will assume for purposes of this opinion that Lawson's complaint adequately alleges a serious medical need. Nonetheless, Lawson must also plausibly allege deliberate indifference, the second component of his claim, and I conclude that he has failed to do so.

To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th

Cir. 1975); *Harris v. Murray*, 761 F. Supp. 409, 414 (E.D. Va. 1990). Questions of medical judgment are not subject to judicial review, *Russell*, 528 F.2d at 319 (citation omitted), and mere negligence or malpractice does not rise to the level of a constitutional violation, *see Estelle*, 429 U.S. at 106. Instead, the prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.

The facts that Lawson alleges in his complaint are that Dr. Arikian told plaintiff that he needed to review more of Lawson's records before he could determine whether to prescribe plaintiff more medications and that Dr. Arikian already had access to past years of records, although not the most recent four years. That conduct alone, particularly given plaintiff's failure to describe in his complaint any symptoms that he was experiencing or that he relayed to Dr. Arikian, does not constitute deliberate indifference. A physician's determination that he needs to know more of a patient's medical history before prescribing medication is the type of "medical judgment" that does not give rise to a constitutional violation. *See Russell*, 528 F.2d at 319. Lawson also states his belief that Dr. Arikian was "judging" him for his convictions, but that is mere conjecture and Lawson does not state any facts that suggest that is true.

In light of this deficiency, the court will grant Dr. Arikian's motion to dismiss. The complaint, however, will be dismissed without prejudice. Lawson will be given an opportunity to file an amended complaint if he chooses to do so.

I note that Lawson has submitted additional information and allegations about subsequent

4

events in documents docketed as "additional evidence." (Dkt. Nos. 5, 11, 33.)[1] Because I am ruling on a motion to dismiss, however, and consider only the allegations in the complaint itself, I do not consider those additional allegations or evidence. *See* Fed. R. Civ. P. 12(d). If Lawson files an amended complaint, however, he may want to include additional facts from those other documents.[2]

### III. CONCLUSION

For the foregoing reasons, Lawson's complaint will be dismissed without prejudice and he will be given an opportunity to amend his complaint. Additionally, because Lawson has since been transferred to VDOC custody and is now housed at Pocahontas State Correctional Center, his motion to transfer (Dkt. No. 21) will be denied as moot.

An appropriate order will be entered.

**ENTER**: This 7th day of February, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] To the extent any of those documents can be construed as a motion to amend his complaint, they are effectively granted by this order, which will give Lawson the opportunity to file an amended complaint.

[2] For example, Lawson has submitted documents in which he alleges that, although Dr. Arikian received the medical records at some point, he had not prescribed Lawson any medications as of May 10, 2019. Lawson has not set forth the reasons given by Dr. Arikian.